IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBRA BLOOMER, and JONATHAN BLOOMER, | ) ) ) | |
| Plaintiffs, | ) ) | 8:05CV503 |
| v. | ) ) ) | |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, | ) ) ) | ORDER |
| Defendant. | ) ) | |

This matter is before the court on the motion to dismiss of defendant Bridgestone Firestone North American Tire, LLC (hereinafter, "Bridgestone"), Filing No. 15. This is a products liability action for damages in connection with a car accident. In the complaint, plaintiffs assert that defendant was negligent and is subject to strict liability for injuries to plaintiff Jonathan Bloomer, a minor, as the alleged result of tire failure. The action arises out of an automobile accident that occurred on November 8, 2001. This action was filed on November 3, 2005.

Bridgestone seeks dismissal of the individual claims of Debra Bloomer.[1] It argues that plaintiff Debra Bloomer's claims are barred by the applicable statute of limitations.[2] Bridgestone concedes that the original complaint was filed within the applicable four-year statute of limitations, but argues that this court did not have jurisdiction over plaintiffs' original complaint because complete diversity of citizenship was lacking. Plaintiffs,

---

[1]Debra Bloomer's claims are for medical expenses she paid for he son's injuries.

[2]Bridgestone does not seek dismissal of claims brought by Debra Bloomer as guardian and next friend of Jonathan Bloomer, a minor, on the theory the statute of limitations is tolled as to Jonathan Bloomer's claims until he reaches majority.

however, amended their complaint as a matter of right on November 28, 2005, removing claims against the party that would have destroyed diversity.  Filing No. 11, Attachment 1.

Ordinarily, jurisdiction of the court must be established at the time of filing.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004).  An exception, however, to the time-of-filing rule allows a jurisdictional defect to be cured by dismissal of the party that had destroyed jurisdiction.  *Id.*; *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 74 (1996) (both holding that dismissal of nondiverse defendant cures initial jurisdictional defect). Moreover, Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action on such terms as are just." Fed. R. Civ. P. 21.  "It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).

Such a dismissal establishes jurisdiction retroactive to the filing of a complaint. *Long v. District of Columbia,* 820 F.2d 409, 416-17 (D.C. Cir. 1987*)* (dismissing a dispensable nondiverse party under Rule 21 nearly five years after accident leading to wrongful death action without discussing fact that wrongful death actions are subject to a one-year statute of limitations)*; see also* 4 James W. Moore, Moore's Federal Practice, §§ 21.03 & 21.05 (3d ed. 2005) (original filing of complaint serves to toll the running of the statute of limitations even where original complaint named nondiverse party later dismissed under Rule 21).  Additionally, Rule 15 provides that an amended pleading relates back to the original pleading.  Fed. R. Civ. P. 15(c) (2) (providing relation back for claims arising out of the same transaction set forth in the original pleading); *Hayes v. Faulkner County, Ark.*, 388 F.3d 669, 675 (2004).  Accordingly,

IT IS ORDERED that defendant's motion to dismiss is denied. The defendant shall answer or otherwise plead within ten days of the date of this order.

DATED this 10th day of April, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge