IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
MAY - 4 2006
OFFICE OF THE CLERK

| | |
|---|---|
| DEBRA BLOOMER, Individually, And as Mother and Guardian of JONATHAN BLOOMER, a Minor, | 8:05CV00503 |
| Plaintiffs, | |
| vs. | |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, A Tennessee Limited Liability Company, | |
| Defendant. | |

### STIPULATED ORDER REGARDING PRESERVATION OF EVIDENCE

This stipulated order regarding preservation of evidence ("order") has been agreed to by and between the plaintiffs named above and the defendant Bridgestone Firestone North American Tire, LLC ("Firestone). This order has been agreed to among the parties in order to preserve the evidence which I subject to this order and to provide for the orderly inspection of the evidence and artifacts during the pendency of this action.

### I. PRESERVATION OF EVIDENCE

IT APPEARS that all the parties to this action may need access to the articles involved in the accident alleged to have occurred on November 8, 2001, for the purposes of this inspection, examination and nondestructive testing.

IT FURTHER APPEARS that the integrity of the artifacts, to include any tire, pieces of tire, wheel or rim, and inner tube mounted on the Bloomers' 2004 Ford Excursion at the time of the accident, including any spare tire and rim (collectively, "tire and rim artifacts") referred to in the accident referred to in the plaintiffs' amended complaint and must be preserved to the maximum degree possible during such examination and testing.

IT IS HEREBY ORDERED, ADJUDGED AND DEGREED that all parties shall be afforded equal and free access to the artifacts under the following conditions;

1. That a complete inventory shall be prepared by each party (or its representative) upon its receipt of the tire and rim artifacts and immediately prior to the packaging of the tire and rim artifacts for shipment;

2. That the condition of the tire and rim artifacts shall be documented photographically by each party (or its representative) upon its receipt of the tire and rim artifacts and immediately prior to each packaging of the tire and rim artifacts for shipment;

3. That all parties, their respective counsel, expert witnesses, and other representatives, shall refrain from destructive testing or other irreversible alteration of the condition of the tire and rim artifacts until such time as permitted by further order of this court;

4. Firestone will acknowledge receipt in writing of the tire and rim artifacts from the plaintiffs or plaintiffs' counsel after they are received for the purpose of examining, documenting and testing. The tire and rim artifacts will be considered to be in the custody of Firestone at the time that they leave the custody of plaintiffs' counsel upon retrieval of the tire and rim artifacts from the plaintiffs' counsel's office by an agent of Firestone, and will be considered to be in custody of Firestone until its return to the office of plaintiffs' counsel in either Omaha, Nebraska or plaintiffs' counsel in Vero Beach, Florida;

5. Each party agrees to accept responsibility for any material alteration or destruction of the tire and/or rim artifacts regardless of whether said alteration or destruction was done by its employees or independent agents hired by it to examine the tires and rims; and

6. While any of the tire and/or rim artifacts are in its possession, each party which is subject to this order agrees to be bound by the following terms and conditions:

    a. No party will perform any destructive examination or testing of the tire and/or rim artifacts as part of its inspection unless it obtains consent in a separate writing by counsel for all parties;

    b. Each party will not use any solvents or any other cleaning agents on the tire and/or rim artifacts (water excluded) as part of its examination or testing unless it obtains consent in a separate writing by counsel for all parties;

    c. Each party will not intentionally scrape or remove any surface material from the tire and/or rim artifacts as part of its examination or testing unless it obtains consent in a separate writing by counsel for all parties;

    d. Each party will not alter the condition of the tire and/or rim artifacts as part of its examination and testing unless it obtains consent in a separate writing by counsel for all parties. Each party may demount the tire(s) from its wheel(s) in the course of its inspection of

same. Each party will similarly be permitted to remount the tires on the wheels for return to the plaintiffs' counsel or otherwise at plaintiffs' counsel's direction.

   e. Each party will not ship or store any detached tread piece of the tire on the inner liner of the tires.

   f. Each party will take reasonable steps to preserve the condition of the tire and rim artifacts and to maintain the tire and rim artifacts in the condition they were received, while the tire and rim artifacts are in its possession, custody and control of its attorneys, agents and/or experts. If plaintiffs claim any material alteration of the condition of the tire and/or rim artifacts has occurred, any such claim should be made immediately upon return of, and plaintiff's receipt of, the subject tire and/or rim artifacts after the conclusion of a party's inspection and testing of same;

   g. Each party will make reasonable efforts to complete its examination and testing of the tire and rim artifacts and return same to counsel for plaintiffs, or as otherwise directed by plaintiffs' counsel, within one hundred twenty (120) days of its receipt of same. Notwithstanding, if a party cannot complete its examination of the tire and rim artifacts within this period of time, either the parties hereto will agree to an extension of time for that party to complete its examination, or the party will be allowed reasonable additional time to examine same at a later date(s);

   h. Each party agrees to notify counsel for all parties immediately if the tire and/or rim artifacts are materially inadvertently altered in any way while under its custody and control; and

   i. Each party agrees that its breach of the aforementioned agreement including any material alteration, destruction or loss of the tire and/or rim artifacts while set item is in the possession of that party, its agent, attorneys and/or experts, which causes material prejudice to the other party will subject it to certain sanctions and/or evidentiary rulings as applicable under Nebraska law.

## II. PRODUCTION OF EVIDENCE

Counsel for Firestone shall take possession through delivery to counsel or duly authorized representative of the tire and rim artifacts from plaintiffs' counsel or plaintiff's

expert as soon as arrangements can be made upon filing of this order if the tire and rim artifacts have not already been received by Firestone's representatives. The tire and rim artifacts will then be shipped to Firestones facilities in Ohio or such other location as Firestone may choose at the expense of Firestone.

Firestone shall be allowed to maintain possession of the aforesaid tires and rims artifacts for a period of one hundred twenty (120) days beginning on the date counsel for Firestone or the representatives take possession of the tire and rim artifacts.

Upon consideration hereof, the court is of the opinion that this stipulation is proper, and IT IS ORDERED that the parties carry out their obligations under the stipulation.

Dated this 4th day of May, 2006.

BY THE COURT:

Thomas D. Thalken
United States Magistrate Judge

Consent and Agreed To:

Timothy J. O'Brien, #16011
HAUPTMAN, O'BRIEN, WOLF &
LATHROP, P.C.
1005 South 107th Avenue, Suite 200
Omaha, NE 68114
(402)390-9000

And

William Frates
830 Azalea Lane
Vero Beach, FL 32963
ATTORNEY FOR PLAINTIFFS

Consent and Agreed To:

Daniel P. Chesire, #15029
LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
402-397-7300
ATTORNEY FOR DEFENDANTS