FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

JUN 28 2006

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBRA BLOOMER, Individually, )<br>And as Mother and Guardian of )<br>JONATHAN BLOOMER, a Minor, )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>BRIDGESTONE FIRESTONE NORTH )<br>AMERICAN TIRE, LLC, )<br>A Tennessee Limited Liability Company, )<br>)<br>    Defendants. ) | Case No. 8:05CV00503<br><br><br><br><br><br>AGREED TO PROTECTIVE ORDER |

Upon stipulation of the parties, it is hereby ORDERED that all documents and other materials produced by Defendant, Bridgestone Firestone North American Tire, LLC ("Firestone"), voluntarily or by Order of the Court, have been and will be produced under the following conditions:

I.

A. The parties recognize that discovery in this matter may call for the production of materials containing confidential and proprietary business information and other commercially sensitive information of Firestone, and that Firestone has a protected proprietary and property interest in those materials.

B. If Firestone has a good faith factual and legal basis for asserting a privilege or exemption from public disclosure, Firestone may designate as "CONFIDENTIAL" the portion of any produced material it considers subject to its claim of privilege or exemption in accordance with Section I.E, below. Such "CONFIDENTIAL" designation shall make the designated portions of those produced materials and all copies, prints, summaries, or other reproductions of such material subject to the Agreed Protective Order. This Agreed Protective Order shall also

apply to the specific pages and lines from oral depositions designated as "CONFIDENTIAL" by Firestone in accordance with Section I.E, below.

C. When used in this Agreed Protective Order, the word "CONFIDENTIAL" means designated research, development, and other confidential and/or proprietary information of Firestone.

D. When used in this Agreed Protective Order, the term "CONFIDENTIAL MATERIAL" means all designated written materials, computer documents, design drawings, mold drawings, tire standards, claims histories, adjustment data, testing documentation, videotapes, answers to Interrogatories, responses to Requests for Production, deposition transcripts, documents produced by Firestone to any governmental agency or body such as the National Highway Traffic Safety Administration ("NHTSA") at any time and deemed by that agency or body to be confidential pursuant to 49 CFR § 512, or other similar regulations, and all other designated tangible items which disclose "CONFIDENTIAL" information.

E. In order to designate a portion of any document or other printed material as "CONFIDENTIAL," Firestone shall mark the designated pages of the material with the word "CONFIDENTIAL" in a manner that does not cover, obscure, or impair the legibility of any information contained within the material. In order to designate a computer database, disc, compact disc, drive, or other electronically recorded material as "CONFIDENTIAL," Firestone shall mark the case or envelope containing the material with the word "CONFIDENTIAL." Documents printed from such electronic media shall be marked the same as documents originally produced on paper. In the case of a deposition or oral examination, counsel for Firestone may, during the deposition, designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," and the entire deposition transcript will be treated as "CONFIDENTIAL" until counsel for Firestone receives a transcript of the deposition and for 21 days thereafter. In the event Firestone's counsel during the deposition does not designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," Firestone does not waive its right to designate the deposition testimony as

"CONFIDENTIAL" upon receipt of the deposition transcript. After receipt of the deposition transcript, Firestone shall identify by page and line the portion of the material that Firestone intends to designate as "CONFIDENTIAL" in a written letter served to all counsel of record within 21 days after receiving the written deposition transcript from the court reporter. Only the portions of the deposition transcript designated by Firestone during this time period shall remain "CONFIDENTIAL." The parties stipulate that the court reporter or videographer for any such depositions will be given a copy of this Agreed Protective Order, will execute an acknowledgement thereof, and shall not disclose to anyone (other than the COVERED PERSONS as defined in Section I.F below) any deposition testimony or exhibits in this lawsuit.

F. When used in this Agreed Protective Order, the term "COVERED PERSONS" includes only the following: (1) the Court and all Court personnel; (2) the named parties, other than Firestone in this litigation; (3) the named counsel for all parties other than Firestone in this litigation, including members of counsel's legal or support staff (e.g., in-house investigators, secretaries, legal assistants, paralegals and law clerks), to the extent reasonably necessary for such persons to render assistance in this litigation; and (4) experts retained or consulted by counsel for any party other than Firestone to assist in the preparation, prosecution, or evaluation of this litigation.

## II.

Absent a further order of the Court, those documents marked as "CONFIDENTIAL MATERIAL," as described in Sections I.C and I.D, shall not be used for any purpose other than the prosecution or defense of this captioned action or other litigation as described in Section I.F, and shall not be shown, disseminated or disclosed in any manner to anyone other than COVERED PERSONS without the prior written agreement of Firestone or order of the Court after due notice to Firestone.

## III.

Before showing or divulging any "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" information to any COVERED PERSON other than the Court and Court

personnel, counsel shall first obtain from each such person a signed "WRITTEN ASSURANCE" in the form attached hereto as Exhibit "A." Counsel shall maintain a list of all such recipients of "CONFIDENTIAL MATERIAL" to whom this paragraph applies and the original of every "WRITTEN ASSURANCE" required pursuant to this paragraph. At the conclusion of the litigation, the parties shall forward to counsel for Firestone each and every signed "WRITTEN ASSURANCE" and a list of all recipients of "CONFIDENTIAL MATERIALS"; however, with regard to consultant(s) not identified as expert(s) in this matter, counsel need only provide a copy of the "WRITTEN ASSURANCE" redacted to remove any reference to the identity of the consultant(s).

## IV.

A.  If any "CONFIDENTIAL MATERIAL" is filed with this Court, including any pleading incorporating "CONFIDENTIAL MATERIAL," the portion of such filing containing "CONFIDENTIAL MATERIAL" shall be filed in a sealed envelope on which the following legend shall prominently appear:

> **[INSERT STYLE AND DOCKET NUMBER];**
> CONFIDENTIAL - This envelope contains documents or other material filed by Bridgestone/Firestone North American Tire, LLC. It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.

B.  "CONFIDENTIAL MATERIAL" may be introduced into evidence, if otherwise admissible, provided that it may only be done so during a hearing or trial when counsel for Firestone is present, and subject to Firestone's right to seek in-camera treatment of such documents. Further, the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of the documents or information.

C.  All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize or otherwise disclose "CONFIDENTIAL

MATERIAL" shall be under seal and such documents shall not be publicly available, except by further order of this Court.

D.  If any party or person who has obtained "CONFIDENTIAL MATERIAL" under the terms of this Agreed Protective Order receives a subpoena or other legal process commanding the production of any such "CONFIDENTIAL MATERIAL" (the "Subpoena"), such party or person shall promptly notify counsel for Firestone of the service of the Subpoena. The party or person receiving the Subpoena shall not produce any "CONFIDENTIAL MATERIAL" in response to the Subpoena without either the prior written consent of counsel for Firestone, or an order of a court of competent jurisdiction.

V.

Within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel for the parties shall deliver to counsel for Firestone all "CONFIDENTIAL MATERIAL" including any copies (except those determined by the Court or agreed by the parties not to be "CONFIDENTIAL") which have been disseminated to any "COVERED PERSONS," except that the parties and their counsel may retain pleadings, memoranda, declarations, affidavits, non-"CONFIDENTIAL" portions of deposition transcripts, notes, summaries, expert reports, trial and hearing transcripts, or other attorney work product which refers to or describes "CONFIDENTIAL MATERIAL." Deposition transcripts need not be returned if all "CONFIDENTIAL" portions have been destroyed or obliterated.

VI.

In the event counsel for any party, in good faith, disputes the designation of any document as "CONFIDENTIAL," he or she shall notify counsel for Firestone in writing. The party disputing the "CONFIDENTIAL" designation bears the responsibility to seasonably apply to the Court for a determination that the document is or is not protected pursuant to this Agreed Protective Order. Until a final determination by the Court, any disputed document will be

treated as "CONFIDENTIAL MATERIAL" pursuant to this Agreed Protective Order. Nothing in the Agreed Protective Order shall be construed to alter or shift the burdens of proof and persuasion as they apply to the assertion of privileges or exemptions from public disclosure.

### VII.

This Agreed Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence. Nothing contained in this Agreed Protective Order shall in any manner change, alter or modify any of the rights of Firestone or any other party under any other orders issued by any other courts concerning the protection of "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL" information. Nothing in this Agreed Protective Order shall limit the rights of parties to apply for further protective orders or for modification of the terms of this Agreed Protective Order.

### VIII.

At the conclusion of this lawsuit, the Court shall retain jurisdiction of this lawsuit for the enforcement of this Agreed Protective Order.

BY THE COURT:

_____
THOMAS D. THALKEN
United States Magistrate Judge

June 28, 2006
_____
Date

AGREED:

DATED: 6/22/06

_Timothy J. O'Brien_

Timothy J. O'Brien, #16011
HAUPTMAN, O'BRIEN, WOLF &
LATHROP, P.C.
1005 South 107th Avenue, Suite 200
Omaha, NE 68114
(402)390-9000

And

William Frates
830 Azalea Lane
Vero Beach, FL 32963
ATTORNEY FOR PLAINTIFFS

DATED: 6/28/06

_Daniel P. Chesire_

Daniel P. Chesire, #15029
LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
402-397-7300
ATTORNEY FOR DEFENDANTS

## EXHIBIT "A"

## LIMITED SPECIAL APPEARANCE AND AGREEMENT FOR ACCESS TO CONFIDENTIAL DOCUMENTS

I hereby acknowledge and affirm that I have read the terms and conditions of the Agreed Protective Order agreed to by the parties in the above-captioned dated 6/22/06. I understand the terms of said Agreed Protective Order and under oath consent to be bound by the terms of said Agreed Protective Order as a condition to being provided access to the Confidential Documents furnished by Bridgestone Firestone North American Tire, LLC ("Firestone"). Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court or any Court of competent jurisdiction for the special and limited purpose of enforcing the terms of the Agreed Protective Order.

I recognize that all civil remedies for breach of this Agreement are specifically reserved by Firestone and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Agreement, I recognize that Firestone may pursue all civil remedies available to it as a third-party beneficiary of this Agreement.

DATED: 6/22/06

Timothy J. O'Brien, #16011
HAUPTMAN, O'BRIEN, WOLF &
LATHROP, P.C.
1005 S. 107TH Ave., Suite 200
Omaha, NE 68114
ATTORNEYS FOR PLAINTIFF

SUBSCRIBED AND SWORN TO BEFORE ME THIS 22nd day of June, 2006.

Notary Public, State of Nebraska

GENERAL NOTARY - State of Nebraska
BETH A. HUSE
My Comm. Exp. July 26, 2007

My Commission Expires: