IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBRA BLOOMER, Individually, and as Mother and Guardian of JONATHAN BLOOMER, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, a Tennessee Limited Liability Company,<br><br>Defendant. | Case No. 8:05CV503<br><br>**PLAINTIFFS' DESIGNATION OF EXPERT WITNESSES** |

Plaintiff designates the following expert witnesses. Plaintiff reserves the right to amplify upon the opinions set forth below as further facts are set forth in future medical treatment, rehabilitation, in discovery and at trial. Plaintiff reserves the right to amplify upon the opinions set forth below as Defendants comply with their obligations to provide information requested by Plaintiffs in discovery, and as Defendants comply with their duties pursuant to the Final Progression Order in this case, and pursuant to Rule 26, F.R.C.P.

Plaintiffs reserve the right to offer the opinions and the foundations therefore as set forth in the depositions of any of these witnesses.

Plaintiffs reserve the right to call experts designated by any party.

### NON-RETAINED HEALTH CARE PROVIDERS

Plaintiff reserves the right to call non-retained treating physicians as experts if necessary, to testify to the matters in their records which have been produced or which are hereafter produced by either party, to testify in their capacity as treating health care providers, and generally in accordance with their

medical records concerning Plaintiff, Jonathan Bloomer. They may testify as to their professional qualifications, including but not limited to professional licenses, organizations to which they belong, and specific honors which they have been awarded. They may further testify as to their professional relationship with Plaintiff Jonathan Bloomer, that the injuries were proximately caused by the occurrence, and to the degree of permanence as a result of the occurrence.

If necessary, they will testify concerning the medical bills necessitated by Defendant's conduct and to the reasonableness of those bills, the amounts, and that they were reasonably necessary to treat Plaintiff Jonathan Bloomer. Also, these witnesses may testify, if necessary, to lay foundation (authentication, relevancy, etc.) for various exhibits including, but not limited to, hospital records, doctor records, x-rays, bills, notes, and other documentation utilized in connection with the treatment of the Plaintiff.

All opinions expressed will be to reasonable medical probability. They may also demonstrate on models, charts, and diagrams the conditions and injuries sustained by Plaintiff.

1. Robert Arias, Ph.D.
   6940 Van Dorn, Suite 201
   Lincoln, NE 68506

Plaintiff may call Dr. Arias, whose report has been produced. This witness is expected to testify in his capacity as a neuropsychologist and generally in accordance with his medical records and report, which have been produced and are incorporated herein by this reference. In addition, this witness may be deposed and if so he will testify to all subjects therein.

2

All opinions expressed will be to reasonable medical probability.  He will further testify concerning causation, need for future care and the amount of permanent injury which the Plaintiff has and continues to have and will generally testify as to the ramifications of all the injuries which were sustained by the Plaintiff.  He may also demonstrate on models, charts, and diagrams the conditions and injuries sustained by the Plaintiff.

Should this witness be deposed, Plaintiffs reserve the right to offer his opinions and the foundations therefore as set forth in such deposition.  Plaintiff reserves the right to amplify upon the opinions as further facts develop in discovery as well as at trial.

Dr. Arias's curriculum vitae, fee schedule and list of testimonies have been requested and will be produced when received.

**2.    Renee A. Hudson, Psy.D.**
**Rehabilitation Neuropsychologist**
**Immanuel Rehabilitation Center**
**P. O. Box 34439**
**Omaha, NE 68134-0439**

Plaintiff may call Dr. Hudson, whose report has been produced.  This witness is expected to testify in her capacity as a neuropsychologist and generally in accordance with her medical records and report, which have been produced and are incorporated herein by this reference.  In addition, this witness may be deposed and if so she will testify to all subjects therein.

All opinions expressed will be to reasonable medical probability.  She will further testify concerning causation, need for future care and the amount of permanent injury which the Plaintiff has and continues to have and will generally

testify as to the ramifications of all the injuries which were sustained by the Plaintiff. She may also demonstrate on models, charts, and diagrams the conditions and injuries sustained by the Plaintiff.

Should this witness be deposed, Plaintiffs reserve the right to offer her opinions and the foundations therefore as set forth in such deposition. Plaintiff reserves the right to amplify upon the opinions as further facts develop in discovery as well as at trial.

Dr. Hudson's curriculum vitae, fee schedule and list of testimonies have been requested and will be produced when received.

3. **Tim J. Watt, M.D.**
   **Neurological and Spinal Surgery, LLC**
   **2222 South 16th Street, Suite 305**
   **Lincoln, NE 68502**

Plaintiff may call Dr. Watt whose records have been produced. Dr. Watt treated Plaintiff for his cervical fracture and head injury. This witness is expected to testify in his capacity as a physician/surgeon for Plaintiff and generally in accordance with his medical records, which have been produced and are incorporated herein by this reference. In addition, this witness may be deposed and if so he will testify to all subjects therein.

All opinions expressed will be to reasonable medical probability. He will further testify concerning causation, need for future care, the amount of permanent injury which the Plaintiff has and continues to have and will generally testify as to the ramifications of all injuries which were sustained by the Plaintiff. He may also demonstrate on models, charts, and diagrams the conditions and injuries sustained by the Plaintiff.

4

Should this witness be deposed, Plaintiff reserves the right to offer his opinions and the foundations therefore as set forth in such deposition. Plaintiff reserves the right to amplify upon the opinions as further facts develop in discovery as well as at trial.

Dr. Watt's curriculum vitae, fee schedule and list if testimonies have been requested and will be produced when received.

**4.   Mitchell Henry, M.D.**
**Lincoln Aesthetic and Reconstructive Surgery**
**2222 South 16th Street, Suite 300**
**Lincoln, NE 68502**

Plaintiff may call Dr. Henry whose records have been produced. Dr. Henry is a cosmetic/reconstructive surgeon who treated Plaintiff's head and neck wounds. This witness is expected to testify in his capacity as a treating physician for the Plaintiff and generally in accordance with his medical records, which have been produced and are incorporated herein by this reference. In addition, this witness may be deposed and if so he will testify to all subjects therein.

All opinions expressed will be to reasonable medical probability. He will further testify concerning causation, need for future care, the amount of permanent injury which the Plaintiff has and continues to have and will generally testify as to the ramifications of all injuries which were sustained by the Plaintiff. He may also demonstrate on models, charts, and diagrams the conditions and injuries sustained by the Plaintiff.

Should this witness be deposed, Plaintiff reserves the right to offer his opinions and the foundations therefore as set forth in such deposition. Plaintiff

5

reserves the right to amplify upon the opinions as further facts develop in discovery as well as at trial.

Dr. Henry's curriculum vitae, fee schedule and list if testimonies have been requested and will be produced when received.

**5.      Jose S. Poblador, D.O.
         Madonna Rehabilitation Hospital
         5401 South Street
         Lincoln, NE 68506**

Plaintiff may call Dr. Poblador whose records have been produced. Dr. Poblador was Plaintiff's treating physician at the Madonna Rehabilitation Hospital. This witness is expected to testify in his capacity as a treating physician for the Plaintiff and generally in accordance with his medical records, which have been produced and are incorporated herein by this reference. In addition, this witness may be deposed and if so he will testify to all subjects therein.

All opinions expressed will be to reasonable medical probability. He will further testify concerning causation, need for future care, the amount of permanent injury which the Plaintiff has and continues to have and will generally testify as to the ramifications of all injuries which were sustained by the Plaintiff. He may also demonstrate on models, charts, and diagrams the conditions and injuries sustained by the Plaintiff.

Should this witness be deposed, Plaintiff reserves the right to offer his opinions and the foundations therefore as set forth in such deposition. Plaintiff reserves the right to amplify upon the opinions as further facts develop in discovery as well as at trial.

Dr. Poblador's curriculum vitae, fee schedule and list if testimonies have been requested and will be produced when received.

6. **Todd Sauer, M.D.**
   **17030 Lakeside Hills Plaza**
   **Omaha, NE 68130**

Plaintiff may call Dr. Sauer whose records have been produced. Dr. Sauer was Plaintiff's primary care physician. This witness is expected to testify in his capacity as a treating physician for the Plaintiff and generally in accordance with his medical records, which have been produced and are incorporated herein by this reference. In addition, this witness may be deposed and if so he will testify to all subjects therein.

All opinions expressed will be to reasonable medical probability. He will further testify concerning causation, need for future care, the amount of permanent injury which the Plaintiff has and continues to have and will generally testify as to the ramifications of all injuries which were sustained by the Plaintiff. He may also demonstrate on models, charts, and diagrams the conditions and injuries sustained by the Plaintiff.

Should this witness be deposed, Plaintiff reserves the right to offer his opinions and the foundations therefore as set forth in such deposition. Plaintiff reserves the right to amplify upon the opinions as further facts develop in discovery as well as at trial.

Dr. Sauer's curriculum vitae, fee schedule and list if testimonies have been requested and will be produced when received.

    **7.**    **Leslie Hellbusch, M.D.**
           **Midwest Neurosurgery, P.C.**
           **8005 Farnam Drive, Suite 305**
           **Omaha, NE 68114**

Plaintiff may call Dr. Hellbusch whose records have been produced. This witness is expected to testify in his capacity as a consulting/treating neurosurgeon for Plaintiff and generally in accordance with his medical records, which have been produced and are incorporated herein by this reference. In addition, this witness may be deposed and if so he will testify to all subjects therein.

All opinions expressed will be to reasonable medical probability. He will further testify concerning causation, need for future care, the amount of permanent injury which the Plaintiff has and continues to have and will generally testify as to the ramifications of all injuries which were sustained by the Plaintiff. He may also demonstrate on models, charts, and diagrams the conditions and injuries sustained by the Plaintiff.

Should this witness be deposed, Plaintiff reserves the right to offer his opinions and the foundations therefore as set forth in such deposition. Plaintiff reserves the right to amplify upon the opinions as further facts develop in discovery as well as at trial.

Dr. Hellbusch's curriculum vitae, fee schedule and list if testimonies have been requested and will be produced when received.

DATED this _____ February, 2007.

        DEBRA BLOOMER, Individually, and as Mother and Guardian of JONATHAN BLOOMER, a minor, Plaintiffs,

        S:/Timothy J. O'Brien, #16011
          HAUPTMAN, O'BRIEN, WOLF
            & LATHROP, P.C.
        1005 S. 107th Avenue, Suite 200
        Omaha, Nebraska 68114
        (402) 390-9000

        William Frates
        830 Azalea Lane
        Vero Beach, Florida  32963
        (772) 231-5896
        ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing Plaintiffs' Designation of Expert Witnesses was mailed by regular United States Mail, postage prepaid, on this ____ day of February, 2007, to the following:

Daniel P. Chesire
Lamson Dugan & Murray LLP
10306 Regency Parkway Drive
Omaha, NE 68114

        S:/Timothy J. O'Brien, #16011