IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBRA BLOOMER, Individually, and as Mother and Guardian of JONATHAN BLOOMER, a minor, | Case No. 8:05CV503 |
| Plaintiffs, | |
| vs. | BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC'S ANSWER TO PLAINTIFFS' SUPPLEMENTAL INTERROGATORY |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, A Tennessee Limited Liability Company, | |
| Defendant. | |

Defendant Bridgestone Firestone North American Tire, LLC, successor to Bridgestone/Firestone, Inc. ("Firestone"), responds to Plaintiffs' Supplemental Interrogatory as follows:

INTRODUCTORY STATEMENT AND GENERAL OBJECTIONS

1. Firestone generally objects to plaintiffs' discovery on the grounds that it is overly broad and not limited to the tire in question, its particular specifications, and the manufacturing facility and period at issue. As a result, this discovery seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

The subject tire has been identified as an LT265/75R16 Steeltex Radial A/T steel belted radial light truck tire bearing Department of Transportation ("DOT") serial number VNW81X02200, manufactured at Bridgestone Firestone Canada Inc.'s ("BFCA") facility in Joliette, Quebec, Canada during the 22nd week of 2000 ("the subject tire"). Information regarding other tires manufactured to other specifications and at other facilities during other time periods is not "relevant to the subject matter" of this action.

2. The subject tire was built to a proprietary specification which establishes the exact manner in which the numerous design and construction variables are combined to produce that particular product. The specification prescribes the tire size and overall type of construction; the number and type of components; the dimensions, gauges and relevant placement of each component; the manner and sequence of component assembly; and the curing process and equipment used in fashioning the tire. Moreover, the specifications of individual tires change over time to reflect developments in radial tire technology and evolving vehicle requirements.

3. In making these responses, Firestone is not waiving: (a) the right to object on the grounds of privilege, materiality, hearsay or any other proper ground, to the use of any information provided in these responses in any subsequent proceeding in this action or any other action; and (b) the right to object on any and all grounds to any other discovery procedures involving or relating to the subject matter of this interrogatory.

4. For the sake of brevity, the above objections are incorporated into Firestone's Response to Plaintiffs' Supplemental Interrogatory.

## ANSWERS

INTERROGATORY NO. 1: Please identify the name, address, and telephone number of each claimant in the attached Vehicle Owners Questionnaires identified as Exhibit A through Exhibit Q attached hereto.

ANSWER: In addition to its general objections above, Firestone objects to this interrogatory on the grounds that plaintiffs seek information regarding other incidents without regard for the similarity or dissimilarity of the circumstances involved. Without waiving these objections, Firestone states that in order to protect the privacy interest of claimants, the National Highway Traffic Safety Administration ("NHTSA") generally

2

submits Vehicle Owners Questionnaires ("VOQ") to Firestone with the redaction of contact information. As a result, Firestone is unable to identify the claimants in the referenced VOQs.

DATED this 23 day of March, 2007.

>BRIDGESTONE FIRESTONE NORTH
>AMERICAN TIRE, LLC,
>Defendant,
>
>By: _____
>Daniel P. Chesire, #15029
>LAMSON DUGAN & MURRAY LLP
>10306 Regency Parkway Drive
>Omaha, NE 68114
>Telephone: (402) 397-7300
>Attorneys for Defendant
>Bridgestone Firestone North
>American Tire, LLC, successor to
>Bridgestone, Firestone, Inc.

STATE OF OHIO

COUNTY OF SUMMIT

## VERIFICATION

AMY S. BRECKENRIDGE, being duly sworn, deposes and says that she is an ASSISTANT SECRETARY of BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC and that she verifies the foregoing DEFENDANT, BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC'S ANSWER TO PLAINTIFFS' SUPPLEMENTAL INTERROGATORY on behalf of that defendant and is duly authorized to do so; that the matters stated in the foregoing document are not within her personal knowledge and that she is informed that there is no officer or employee of BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC who has personal knowledge of all such matters; and that the facts in the foregoing document have been assembled by authorized employees and counsel of defendant and she is informed that the facts stated in the foregoing document are true and correct.

_____
Amy S. Breckenridge

Subscribed and sworn to before me this
21st day of March 2007

_____
Notary Public

JENNIFER L. WHITE, Notary Public
Residence - Stark County
State Wide Jurisdiction, Ohio
My Commission Expires Oct. 1, 2008

Debra Bloomer v. BFNT.

4

## Certificate of Service

The undersigned hereby certifies that he served a true and correct copy of the above and foregoing document by regular, first class United States mail, postage prepaid this ___ day of March, 2007 on the following:

Timothy J. O'Brien
HAUPTMAN, O'BRIEN, WOLF &
LATHROP, P.C.
1005 South 107th Avenue, Suite 200
Omaha, NE 68114
ATTORNEY FOR PLAINTIFFS

William Frates
830 Azalea Lane
Vero Beach, FL 32963
ATTORNEY FOR PLAINTIFFS