# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DEBRA BLOOMER, et al.,** ) | |
| ) | 8:05CV503 |
| **Plaintiffs,** ) | |
| ) | **SECOND AMENDED ORDER** |
| v. ) | **SETTING FINAL SCHEDULE** |
| ) | **FOR PROGRESSION OF CASE** |
| **BRIDGESTONE FIRESTONE NORTH** ) | |
| **AMERICAN TIRE, LLC,,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the court on the motion to extend the progression order (Filing No. 93). Following a conference with counsel on February 8, 2008, and the parties' consent to proceed before the magistrate judge (Filing No. 95), the motion to extend is granted as set forth below.

**IT IS ORDERED:**

1.   **Pretrial Disclosures.**  Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

   a.   **Nonexpert Witnesses - On or before August 1, 2008:**  The name, address and telephone number[1] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

   b.   **Trial Exhibits - On or before August 15, 2008:**  A list of all exhibits it expects to offer by providing a numbered listing and permitting

---

[1] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or documents filed with the court, redact social security numbers, home addresses, phone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties

examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

**Waiver of Objections**:  Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, <u>including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial</u> shall be made a part of the pretrial order.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

2. **Motions in Limine.**  Any motions *in limine* shall be filed on or before **August 29, 2008**.

3. **The Final Pretrial Conference** with the undersigned magistrate judge is set for **September 5, 2008, at 9 a.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.  The final pretrial conference shall be attended by lead counsel for represented parties.  Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[2]  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter.  The pretrial conference will include a **discussion of settlement**, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference.  <u>Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences</u>.

4. **Trial** is set to commence on **September 22, 2008**, in Omaha, Nebraska, before the undersigned magistrate judge and a jury.  Unless otherwise ordered, jury selection shall be at the commencement of trial.

5. **Motions to alter dates.**  All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion,

---

[2] Except as noted above in Paragraph 4(b).  Again, all personal information should be redacted from the public version of the order and/or attachments filed with the clerk.

including all requests for changes of trial dates.  Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

    Dated this 12th day of February, 2008.

BY THE COURT:

 s/Thomas D. Thalken<br>
United States Magistrate Judge