IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBRA BLOOMER, individually, and as mother and guardian of JONATHAN BLOOMER, a minor, | ) ) ) ) | 8:05CV503 |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Exclude Expert Testimony of David Osborne and Request for Oral Argument (Filing No. 77). The defendant filed a brief (Filing No. 73) and an index of evidence (Filing No. 74) in support of the motion. The plaintiffs filed a brief (Filing No. 81) and an index of evidence (Filing No. 82) in opposition to the motion. The defendant filed a brief (Filing No. 85) and an index of evidence (Filing No. 86) in reply.

The defendant seeks the exclusion of the expert testimony of David Osborne under Federal Rules of Evidence 702 and ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 589 (1993). The defendant contends Mr. Osborne is not qualified to give expert opinions on the tire defect theory. Additionally, the defendant argues Mr. Osborne:

(1) has conducted no testing to support his opinion,
(2) has no scientific studies to support his opinion,
(3) has not subjected his opinion to peer-review,
(4) cannot identify any tire expert anywhere in the world that has accepted his opinion and methodology,
(5) cannot establish the rate of error for his opinion given his lack of testing, and
(6) has no physical evidence of an alleged tire sidewall blowout.

**See** Filing No. 77 - Motion p. 2.

## BACKGROUND

This is a products liability action. The plaintiff alleges she and her son were injured after their vehicle rolled due to a tire blowout. The plaintiff seeks damages under theories of strict liability and negligence alleging the subject tire was defectively manufactured by the defendant. **See** Filing No. 26 - Second Amended Complaint. The defendant denies the tire suffered a blowout or other failure attributable to the tire's manufacture. **See** Filing No. 28 - Answer.

The plaintiff expects Mr. Osborne to give his opinion that the subject tire was defective in manufacture or design because the "polyester cords of the two polyester plies were touching, they were in contact with each other. And during the course of usage as the tire was being used, the polyester cords actually frayed against each other causing them to break and causing the sidewall to blow out and explode." **See** Filing No. 81 - Brief p. 1-2 (**citing** Filing No. 74 - Osborne Depo. p. 138). The plaintiff has shown Mr. Osborne has received technical and scientific training, and experience on the design, manufacture and testing of tires through his employment with Cooper-Avon Tyre, Co. Ltd from 1964 to 1999. **See** Filing No. 82 - Osborne Aff. ¶ 2. Mr. Osborne received training and worked in various positions, ultimately as Consultant Tire Technologist, which is considered the international tire expert for Cooper-Avon from 1985 until he retired. *Id.* ¶ 3. Mr. Osborne was "responsible for all aspects of the design and manufacture of tires, including, but not limited to, the inspection of failed tires to determine the cause of failure." *Id.* ¶¶ 8-10. Mr. Osborne, from the United Kingdom, has had formal education covering mathematics, physics and chemistry, which, along with his professional experience, are considered the equivalent of a Bachelor of Science degree in Materials Engineering in this country. *Id.* ¶¶ 5-6.

The theories, techniques, and methodology on which the expert relies are general principles and tenets of his field that are generally accepted in the field. The plaintiff asserts the expert is giving "technical" or "experienced based" evidence as described in ***Kumho Tire Co. v. Carmichael***, 526 U.S. 137 (1999). Specifically, Mr. Osborne relies on his own observations of the subject tire and his experience. Accordingly, the plaintiff relies on a statement from ***Kumho Tire***: "Nor does anyone deny that, as a general matter, tire

abuse may often be identified by qualified experts through visual or tactile inspection of the tire." ***Kumho Tire***, 526 U.S. at 156. The ***Kumho Tire*** court also noted, however, "the question before the trial court [is] specific, not general. The trial court ha[s] to decide whether this particular expert ha[s] sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case." ***Id.*** (internal quotation and citations omitted). In this case, Mr. Osborne described the general method he used, how this method is the same systematic examination used by others in the industry, and which he used in his previous employment, to determine the cause of tire failure. **See** Filing No. 82 - Osborne Aff. ¶¶ 17-18. Mr. Osborne also describes the specific actions he took and bases for his opinions, including the elimination of other possible causes for the tire failure. ***Id.*** ¶¶ 19-28. Mr. Osborne noted a few publications in addition to his general review of industry literature and practices assisted his evaluation. ***Id.***

## ANALYSIS

Rule 702 permits expert opinion testimony only if it is "the product of reliable principles and methods" and "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence. ***Daubert***, 509 U.S. at 592-93 & n.10; ***Wagner v. Hesston Corp.***, 450 F.3d 756, 758 (8th Cir. 2006) (noting the burden is on the party offering the expert testimony to prove that it is reliable).

Proposed expert testimony must meet three prerequisites in order to be admitted under Rule 702:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact[;] . . . [s]econd, the proposed witness must be qualified to assist the finder of fact[; and t]hird, the proposed evidence must be reliable or trustworthy in an evidentiary sense.

***Lauzon v. Senco Prods., Inc.***, 270 F.3d 681, 686 (8th Cir. 2001). "Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact." ***Kudabeck v. Kroger Co.***, 338 F.3d 856, 860 (8th Cir. 2003).

"District courts must ensure that all scientific testimony is both reliable and relevant." ***Marmo v. Tyson Fresh Meats, Inc.***, 457 F.3d 748, 757 (8th Cir. 2006). Such inquiry "is a flexible one designed to 'make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" ***Id.*** (**quoting *Kumho Tire***, 526 U.S. at 152). Accordingly, the "testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case." ***Id.***

The expert's proponent shows reliability where the "expert is qualified to render the opinion and [ ] the methodology underlying his conclusions is scientifically valid." ***Marmo***, 457 F.3d at 757-58. The proponent may show relevance by showing "the reasoning or methodology in question is applied properly to the facts in issue." ***Id.*** at 758. Doubts regarding the usefulness of an expert's testimony are resolved in favor of admissibility. ***Id.*** "However, a court should not admit opinion evidence that 'is connected to existing data only by the *ipse dixit* of the expert.' When the analytical gap between the data and proffered opinion is too great, the opinion must be excluded." ***Id.*** (**quoting *Gen. Elec. Co. v. Joiner***, 522 U.S. 136, 146 (1997)).

The "evidentiary inquiry is meant to be flexible and fact specific, and a court should use, adapt, or reject ***Daubert*** factors as the particular case demands." ***Unrein v. Timesavers, Inc.***, 394 F.3d 1008, 1011 (8th Cir. 2005). There is no single requirement for admissibility as long as the proffer indicates the expert evidence is reliable and relevant. ***Id.*** The question is whether the expert's opinion is sufficiently grounded to be helpful to the jury. ***Id.*** at 1012. "[N]othing in Rule 702, ***Daubert***, or its progeny requires 'that an expert resolve an ultimate issue of fact to a scientific absolute in order to be admissible.'" ***Kudabeck***, 338 F.3d at 861(**quoting *Bonner v. ISP Tech., Inc.***, 259 F.3d 924, 929 (8th Cir. 2001).

The court may consider several factors in determining the soundness of scientific methodology including: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the technique; and (4) whether the theory or technique used has been generally

4

accepted in the relevant scientific community.  *Daubert*, 509 U.S. at 593-594; **see also** *Kumho Tire*, 526 U.S. at 149-50 (ruling that the *Daubert* factors may be applied to determine the admissibility of an engineering expert's testimony).  Under *Daubert*, district courts apply a number of nonexclusive factors in performing this role, including "whether the expertise was developed for litigation or naturally flowed from the expert's research," whether the expert ruled out other alternative explanations, and whether the expert sufficiently connected the proposed testimony with the facts of the case.  *Lauzon v. Senco Prods., Inc.,* 270 F.3d 681, 686-87 (8th Cir. 2001).  Further, the *Kumho Tire* court emphasizes that "relevant reliability concerns may focus on personal knowledge or experience" and that the factors used to evaluate an expert's testimony "depend[ ] upon the particular circumstances of the particular case at issue."  *Kumho Tire*, 526 U.S. at 150.

Some evidence "cannot be evaluated accurately or sufficiently by the trial judge" in the procedural environment of a ruling on a motion *in limine*.  *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 439 (8th Cir. 1997).  To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve.  *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996); *United States v. Dico, Inc.,* 266 F.3d 864, 871 (8th Cir. 2001) (holding "the sufficiency of the factual basis of . . . [an expert's] theory was open to any challenge [the defendant] . . . desired to mount on cross-examination, but that sufficiency was not a basis for excluding [the expert's] testimony altogether")).

At this time, it appears the defendant's *Daubert* objections go more to the weight than to the admissibility of the expert's testimony, subject to a proper showing of foundation and reliability.  **See, e.g.***, Kudabeck*, 338 F.3d at 862-63.  The defendant has not shown the expert cannot offer testimony that would be helpful to the jury within his field of expertise.  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Id.* at 862 (**quoting** *Daubert*, 509 U.S. at 596).  The plaintiffs' showing establishes the expert is qualified to testify to the opinions contained in his report and the opinion satisfies *Daubert's* reliability requirements.  The sufficiency of

5

the opinions and the weight to be accorded them are matters for the jury to determine. The court will properly limit the expert's testimony to matters that would be helpful to the jury and are within the expert's area of expertise. Upon consideration,

**IT IS ORDERED**:

The defendant's Motion to Exclude Expert Testimony of David Osborne and Request for Oral Argument (Filing No. 77) is denied.

DATED this 31st day of March, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge